UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Wylie McLeod,**

                                  **Plaintiff,**

                      -v-                              **1:09-CV-834** (Lead Case)
                                                                                 **1:09-CV-835** (Member Case)
**Lowe's Home Improvement and Lou C,**                **(NAM/DRH)**

                                 **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Wylie McLeod
Plaintiff, *pro se*

Connell Foley LLP
Hector D. Ruiz, Esq., of counsel
Tricia B. O'Reilly, Esq., of counsel
85 Livingston Avenue
Roseland, New Jersey 07068-1765
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this employment discrimination action, defendants moved on June 1, 2010 (Case No. 1:09-CV-834, Dkt. No. 18) to dismiss the amended complaint (Case No. 1:09-CV-834, Dkt. No. 10) in these consolidated cases.[1] By letter motion (Case No. 1:09-CV-834, Dkt. No. 33) plaintiff requests an extension of time to oppose the motion. For the reasons set forth below, the Court denies plaintiff's request for an extension of time. The Court grants the motion to dismiss in part

---

[1] The day after plaintiff filed the amended complaint (Case No. 1:09-CV-834, Dkt. No. 10), Magistrate Judge Homer consolidated the cases (Case No. 1:09-CV-834, Dkt. No. 11; Case No.1:09-CV-835, Dkt. No. 10). All subsequent filings have been in the lead case.

and denies it in part.

## PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND

Since July 22, 2009, when he filed his initial complaints (Case No. 1:09-CV-834, Dkt. No. 1; Case No. 1:09-CV-835, Dkt. No. 1) and motions for leave to proceed *in forma pauperis* (Case No. 1:09-CV-834, Dkt. No. 2; Case No. 1:09-CV-835, Dkt. No. 2), the only step plaintiff has taken to pursue this case is to file his amended complaint (Case No. 1:09-CV-834, Dkt. No. 10). He had interposed three requests in each case (Case No. 1:09-CV-834, Dkt. Nos. 4, 5, and 7; Case No. 1:09-CV-835, Dkt. Nos. 4, 5, and 7) for extensions of time to file the amended complaint, which he ultimately filed on March 9, 2010, more than six months after its initial due date.  On June 1, 2010, defendants made the instant motion (Case No. 1:09-CV-834, Dkt. No. 18) to dismiss the amended complaint.  Plaintiff has interposed five requests (Case No. 1:09-CV-834, Dkt. Nos. 25, 26, 30, 32, and 33) for extensions of time to oppose the dismissal motion.  On September 17, 2010, in response to plaintiff's fourth request for an extension of time to oppose the motion, the Court issued a text order granting a final extension to September 24, 2010, and stating: "No further requests for an extension will be considered without good cause shown and supporting documentation."  Nevertheless, plaintiff did not submit opposition to the motion, and on September 27, 2010 he filed the pending request for a further extension of time, stating that he requested help from the Pro Se Assistance Program and has "mental health issues."  Plaintiff gives no further information and attaches no documentation.

The Court finds that plaintiff has failed to show good cause for a further extension of time. The first time plaintiff claimed to be seeking assistance from the Pro Se Assistance Program and to have mental health issues was over a year ago, on October 15, 2009, in support of a request to

extend the time to file his amended complaint.  Plaintiff has never provided any details or documentation regarding either issue.  Despite repeated warnings, he makes no showing that he has taken any steps to address these issues or that he has otherwise made good faith efforts to proceed with this action.  Plaintiff's conduct has placed a burden on the Court and defendants, and has made it impossible for defendants to obtain prompt resolution of the claims against them.  The Court denies plaintiff's motion (Case No. 1:09-CV-834, Dkt. No. 33) for an additional extension of time to oppose the dismissal motion.

## DEFENDANTS' MOTION TO DISMISS

**Standard on a Motion to Dismiss**

The Court turns to address defendants' motion (Case No. 1:09-CV-834, Dkt. No. 18) to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the claims are time-barred or unexhausted.  To survive a Rule 12(b)(6) motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A complaint should be especially liberally construed when it is submitted *pro se*.  *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).  The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  As explained below, the Court grants the dismissal motion in part and denies it in part.

**EEOC Charges**

On July 18, 2008, plaintiff, an African American man, filed an administrative charge ("first EEOC charge") (New York State Division of Human Rights ("NYDHR") No. 0127334; Equal Employment Opportunity Commission ("EEOC") No. 16G-2008-05427) alleging he had experienced racial discrimination at Lowe's Home Improvement ("Lowe's"), his former employer.[2]  Plaintiff alleged that the most recent acts of discrimination occurred on June 29, 2008, July 4, 2008, and July 10, 2008.  He complained that the manager assigned all the work to him and another black man and that the white workers "stand and joke around with each other." He also claimed he "was recently threatened that if [he] did not write a statement against another black employee that there would be consequences."  On March 16, 2009, EEOC issued a "Dismissal and Notice of Rights" ("first right-to-sue notice") regarding the charge.  The notice advised plaintiff: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice or your right to sue based on this charge will be lost." (Emphasis in original.)

Plaintiff subsequently filed a second administrative charge ("second EEOC charge") on January 2, 2009 alleging racial discrimination and retaliation occurring as recently as July 28, 2008 (NYDHR No. 10130615; EEOC No. 16G-2009-1686).[3]  Under the heading, "Retaliation

---

[2] On this Fed. R. Civ. P. 12(b)(6) motion, the Court may properly consider the EEOC charges and right-to-sue notices because they are public documents in administrative proceedings and are integral to plaintiff's claims. *See, e.g., Daniel v. Long Is. Housing P'ship*, 2009 WL 702209, *5, n.4 (E.D.N.Y. Mar. 13, 2009).

[3] Plaintiff filed another EEOC charge on January 2, 2009 alleging employment discrimination in the form of sexual harassment by exposure to sexual comments and explicit sexual pictures occurring as recently as July 28, 2008 (NYDHR No. 10130613; EEOC No. 16G-2009-1685).  On April 1, 2010, EEOC issued a "Dismissal and Notice of Rights" regarding this charge.  Because the sexual harassment claim is not a subject of the instant lawsuits,
(continued...)

for Opposing Discrimination and/or Objecting to a Discriminatory Practice," plaintiff wrote: "Retaliation for being a witness in discriminatory practices against [two] other employees Quinton La Grande, Sharlene Parrot."  In response to the question, "Why do you believe that you were/are being discriminated against?" he wrote: "Racial discrimination, Retaliation for being a witness to other employees (internal investigation)."  He added:[4]

> On or about July 17th 2008 I wasn't given an opportunity to give statement in to the way certain minorities were being treated in an unfair way.  On or about July 2nd 2008 I was not allowed to give a statement about an incident that occurred in the [break] room because of the color of my skin.

The race discrimination claim alleged:

> I was denied training because I am African American while other coworker who were white were giving training.  Secondly I charge Lowes home improvement with discrimination against me because of my race [which] consisted of denying me various promotions and advancements and the opportunity to review my internal postings for various positions. 3rd, I charge Lowes with not hearing any of my internal complaints of discriminatory acts by management.  4th I can prove that I was interrogated because of the simple fact that I am African American.  This has never been done to any of the white workers. 5th all of my white coworker were also paid more with less experience.

On April 1, 2010, EEOC issued a "Dismissal and Notice of Rights" ("second right-to-sue notice") regarding the second EEOC charge.

**Complaints**

The initial complaint in the lead case, *McLeod v. Lowe's Home Improvement* (Case No. 1:09-CV-834, Dkt. No. 1, filed July 22, 2009), states that the conduct complained of is

---

[3](...continued)
this charge and the ensuing right-to-sue notice has no effect on the issues herein.  It not discussed further in this Memorandum-Decision and Order.

[4] Throughout this Memorandum-Decision and Order, the Court quotes directly from the record without noting or correcting errors.

"termination of employment," "failure to make alterations to accommodate disability," and "retaliation." Plaintiff alleges: "My employment was terminated on July 27th 2008 because of my disability and because of the color of my skin and my race." The initial complaint in the member case, *McLeod v. Lowe's Home Improvement and Morin* (Case No. 1:09-CV-835, Dkt. No. 1, filed July 22, 2009), states that it is a Title VII case under 42 U.S.C. §§ 2000e, *et seq.*; that defendant discriminated against plaintiff based on his race or color and disability; and that the conduct complained of is "termination of employment," "unequal terms and conditions of employment," and "retaliation." The factual allegations are: "Brenda A. Morin discriminated against me because [of] my disability which included my termination of employment" and "Lou C., Lee Rivers discriminated against me because of my race and color."

At the Court's direction (Case No. 1:09-CV-834, Dkt. No. 3; Case No. 1:09-CV-835, Dkt. No. 3), plaintiff filed an amended complaint (Case No. 1:09-CV-834, Dkt. No. 10) bearing both case numbers and setting forth the following three causes of action:

> First Cause of Action; Lowe's Home Improvement discriminated against me because of my mental disability. Lowe's Home Improvement allowed Ms. Brenda A. Morin to evaluate my mental illness, and force for mental counsel and therapy on me.
>
> Ms. Brenda A. Morin would call me to her office and ask me personal question about my life, and about my mental illness, and diagnose my mental illness. I had made several complaint to Mr. Lee Rivers, but with no avail. Ms. Brenda A. Morin is has no degree in mental health, but Lowe's Home Improvement allowed her to be the company mental health doctor.
>
> When I made complaints about Ms. Brenda A. Morin to the Human Resource Area Mgr. Mr. Lee Rivers had experience retaliation, I was give more work than my co-workers, and also place under a lot of [scrutiny] by upper management including Mr. Lou C. (Lowe's Home Improvement Store Mgr).
>
> Second Cause of Action; Lowe's Home Improvement discriminated against me because I am African-American. I was giving more work than my white

-6-

> co-workers. I was harassed on several occasions by Lou C. (Lowe's Home Improvement Store Mgr.). Mr. Lou C. would racially harass me calling me names like "Nigger", "Porch Money", and "Black Boy". I have numerous witnesses that we verify this.
>
> Third Cause of Action; Lowe's Home Improvement retaliated against me for tell them the truth about Mr. Quentin La Grande. I told them that the NLBR, and the New York State Division of Human Rights that Lowe's Home Improvement discriminated against him because of his "Union Activity", and "Race".

In essence, then, plaintiff brings the first cause of action in the amended complaint pursuant to the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, alleging discrimination based on his disability and retaliation for objecting to such discrimination. He brings the second cause of action pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, alleging employment discrimination and harassment based on race. The third is brought under Title VII for retaliation for "telling the truth," that is, for stating that Lowe's had discriminated against Quentin La Grande, apparently a co-employee, based on his race and union activity.

**Analysis – First Cause of Action**

The first cause of action in the amended complaint claims plaintiff was discriminated against based on his disability and retaliated against for complaining about the disability discrimination. These claims were not set forth in any of the EEOC charges; thus, plaintiff failed to exhaust his administrative remedies regarding these claims. Nor are they reasonably related to the claims set forth in any of the three EEOC charges. As the Second Circuit explains:

> Exhaustion is ordinarily "an essential element" of a Title VII claim. Claims not raised in an EEOC complaint, however, may be brought in federal court if they are "reasonably related" to the claim filed with the agency.
>
> This Circuit has recognized that a claim is considered reasonably related if the

-7-

> conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made. In this inquiry, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving. The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases. The "reasonably related" exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering.

*Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotes, alterations, citations, and footnote omitted). There is nothing in any of plaintiff's EEOC charges that would have given EEOC adequate notice to investigate discrimination based on plaintiff's disability. Likewise, nothing in the three EEOC charges would have prompted EEOC to investigate whether the retaliatory actions alleged in the EEOC charges were in any manner related to plaintiff's complaints about disability discrimination. Nor is there any other basis to find that plaintiff's disability discrimination and related retaliation claims are reasonably related to any claim in the EEOC charges. Despite giving plaintiff every benefit to which he is entitled as a *pro se* litigant, the Court finds that the first cause of action must be dismissed for failure to exhaust the administrative remedy. The only allegations in the amended complaint against Brenda A. Morin and Lee Rivers relate to the disability discrimination and retaliation claims. Thus the amended complaint is dismissed as against them.

**Analysis – Second and Third Causes of Action**

Defendants contend that the second and third causes of action in the amended complaint must be dismissed due to plaintiff's failure to file the complaints within 90 days of his receipt of the first right-to-sue notice as required by Title VII and the ADA. *See* 42 U.S.C. § 2000e-5(f)(1);

42 U.S.C. § 12117(a); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994).  As noted, the first right-to-sue notice apprized plaintiff of the 90-day requirement.  The Court assumes that the first right-to-sue notice was mailed on March 16, 2009, the date listed, and received three days thereafter.  *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996).  Accordingly, plaintiff is presumed to have received it on March 19, 2009, and the last date for plaintiff to commence these two actions was June 17, 2009.  Plaintiff did not commence the actions until July 22, 2009, 35 days late.

Plaintiff received the second right-to-sue notice, dated April 1, 2010, while the instant actions were pending.  When a plaintiff brings an action before receiving a right-to-sue notice, the defect may be cured if the plaintiff subsequently receives the notice.  *See Weise v. Syracuse Univ.*, 522 F.2d 397, 413 (2d Cir.1975); *Civil Serv. Employees Ass'n v. New York State Dep't of Parks, Recreation and Historic Preservation*, 689 F.Supp.2d 267, 276 (N.D.N.Y. 2010); *see also Pietras v. Board of Fire Comm'rs.*, 180 F.3d 468, 474 (2d Cir.1999) (holding that failure to obtain a right-to-sue letter prior to bringing a Title VII action is not a jurisdictional bar).  Once a plaintiff files one EEOC charge, however, he cannot circumvent the 90-day period by filing another EEOC charge on the same facts.  *See Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986); *Daniel v. Long Is. Housing P'ship*, 2009 WL 702209, *6 (E.D.N.Y. Mar. 13, 2009).  Thus, to the extent that the claims underlying the second right-to-sue notice involved the same facts as the claims underlying the first right-to-sue notice, plaintiff's time to bring suit in this Court began to run when he received the first notice, and such claims are time-barred.  To the extent that the claims underlying the second right-to-sue notice involved facts that were not the subject of the claims underlying the first notice, such claims are not time-barred.

Accordingly, as to the second and third causes of action in the amended complaint, the Court reviews the EEOC charges to ascertain whether and to what extent the second EEOC charge involves the same facts as the first. The first EEOC charge, filed on July 18, 2008, alleges that the most recent acts of racial discrimination occurred on June 29, 2008, July 4, 2008, and July 10, 2008, whereas the second EEOC charge alleges retaliation and racial discrimination occurring as recently as July 28, 2008. Thus, events occurring between July 10, 2008 and July 28, 2008 were not the subject of the first EEOC charge.[5] These events include plaintiff's termination on July 27, 2008, as well as an incident on July 17, 2008, when plaintiff "wasn't given an opportunity to give statement in to the way certain minorities were being treated in an unfair way." Also, the first EEOC charge stated that plaintiff "was recently threatened that if [he] did not write a statement against another black employee that there would be consequences." In contrast, the second EEOC charge, in its allegations of retaliation, appears to claim that defendants followed through on their threat of "consequences." Accordingly, interpreting plaintiff's *pro se* submissions to raise the strongest arguments that they suggest, the Court finds that the second EEOC charge includes claims based on facts which were not the subject of the first charge, and thus are not time-barred. These claims are based on allegations of racial discrimination and retaliation occurring after July 10, 2008 until July 28, 2010.

The Court holds that plaintiff's claims of racial discrimination, harassment, and retaliation occurring through July 10, 2008 are time-barred. His claims of racial discrimination, harassment, and retaliation occurring after July 10, 2008 until July 28, 2008 are not time-barred and may be

---

[5] Indeed, events occurring after July 17, 2008 could not have been the subject of the first EEOC charge, which was filed on that date. Moreover, the factual recitation attached to the first EEOC charge was signed by plaintiff and notarized on July 10, 2008.

pursued in this action.[6] The Court has reviewed the other issues raised by defendants and finds they do not warrant dismissal.

## CONCLUSION

The caption of the amended complaint lists only Lowe's as defendant. Likewise, the causes of action of the amended complaint are stated against Lowe's, not against individual defendants, except arguably the second cause of action, which may be read to assert a discrimination and harassment claim against "Lou C." The only claims in the amended complaint against Brenda A. Morin and Lee Rivers are the ADA claims in the first cause of action, which is dismissed; thus, they are terminated as defendants. Issues regarding whether Lou C. is a proper defendant are not before the Court, and at this point he will be deemed to be a defendant.

It is therefore

ORDERED that plaintiff's motion (Case No. 1:09-CV-834, Dkt. No. 33) for an extension of time to submit opposition to defendants' dismissal motion is denied; and it is further

ORDERED that, as set forth above, defendants' motion (Case No. 1:09-CV-834, Dkt. No. 18) to dismiss the amended complaint is granted to the extent that the first cause of action and all claims based on events occurring prior to July 10, 2008, are dismissed; the motion is otherwise denied; and it is further

ORDERED that Brenda A. Morin and Lee Rivers are terminated as defendants, and the caption is amended to read as follows:

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

---

[6] Although arguably plaintiff did not assert claims of racial harassment in the second EEOC charge, under the circumstances here the Court finds that the racial harassment alleged in the amended complaint is reasonably related to the claims of racial discrimination and retaliation set forth in the second EEOC charge, such that the racial harassment claim is properly excepted from the requirement of administrative exhaustion.

**Wylie McLeod,**

        **Plaintiff,**

    **-v-**

**Lowe's Home Improvement and Lou C.,**

        **Defendants.**
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

  IT IS SO ORDERED.

  Date: October 28, 2010
      Syracuse, New York

              Norman A. Mordue
              Chief United States District Court Judge