**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WYLIE McLEOD,
               Plaintiff,
   v.                               No. 09-CV-834
                                      (NAM/DRH)
LOWE'S HOME IMPROVEMENT et al.,       (Lead Case)

               Defendants.

---

WYLIE McLEOD,
               Plaintiff,
   v.                               No. 09-CV-835
                                      (NAM/DRH)
LOWE'S HOME IMPROVEMENT,           (Member Case)

               Defendant.

---

**APPEARANCES:**           **OF COUNSEL:**

WYLIE McLEOD
Plaintiff Pro Se
705 Stanley Street
Schenectady, New York 12307

CORNELL FOLEY LLP         HECTOR D. RUIZ, ESQ.
Counsel for Defendants         TRICIA B. O'REILLY, ESQ.
85 Livingston Avenue
Roseland, New Jersey 07068-1765

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

    Plaintiff pro se Wylie McLeod ("McLeod") commenced these consolidated actions on

July 22, 2009 alleging that defendants discriminated against him based on his race while

McLeod was employed by defendant Lowe's Home Improvement. Am. Compl. (Dkt.[1] No. 10).[2]  A conference pursuant to Fed. R. Civ. P. 16 was scheduled for December 20, 2010. Docket Entry dated 12/1/10.  McLeod failed to appear for that conference and the conference was conducted with defense counsel alone following which a scheduling order was entered.  Dkt. Entry dated 12/20/10; Dkt. No. 37.  A further status conference was scheduled for March 15, 2011.  Dkt. Entry dated 12/21/10.  While defendants' counsel appeared for that conference, McLeod again did not.  Dkt. Entry dated 3/15/11.

An order was then entered directing McLeod to show cause why this action should not be dismissed for his failure to prosecute.  Dkt. No. 38.  A hearing on this order was scheduled for April 14, 2011 and McLeod was directed to appear in person.  Id.  The order was served on McLeod at the last address he provided by both regular mail and certified mail, return receipt requested.  Id.  The regular mail was not returned and the receipt showed that service of the order was received at the listed address on March 16, 2011 Dkt. No. 39.  At the time scheduled for the hearing, defense counsel again appeared but McLeod did not.  Defense counsel advised that their last contact of any kind with McLeod was approximately December 15, 2011 and that McLeod had failed to respond to discovery demands and had initiated no communications with them since that date.[3]

---

[1] Unless otherwise indicated, references are to the docket of the Lead Case.

[2] A claim of discrimination based on disability was previously dismissed.  Dkt. No. 34.

[3] Neither the Court nor defendants' counsel has ever personally met McLeod. Papers previously filed in these cases for McLeod were delivered to the Clerk's Office on several occasions by Quentin LaGrande ("LaGrande").  See Dkt. Entry dated Jan. 31, 2011 (court only notice).  On May 12, 2008, an order was entered in this Court enjoining LaGrande from filing any documents or new cases pro se without the prior approval of the

Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceed diligently, the assigned judge shall order it dismissed. . . ."). In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions. See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

Here, McLeod has had no communication concerning this case with either defense counsel or the Court since December 15, 2010, a period of four months. See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution. . . ."). More significantly, McLeod has failed to appear for three proceedings with the Court at which his attendance was required despite receiving notice of the proceedings. The duration of McLeod's inaction has thus raised a presumption that he has abandoned prosecution of this case.

McLeod has also received notice that his failure to act could lead to dismissal of the action. In the Order to Show Cause, McLeod was explicitly advised as follows:

**PLAINTIFF WYLIE McLEOD SHALL TAKE NOTICE** that if he

---

Chief Judge. See In re: Quentin LaGrande, No. 1:04-cv-1020 (GLS/RFT) at Dkt. No. 54 (N.D.N.Y. Order filed May 12, 2008) (Order entered by Chief Judge).

>fails to appear in person for the conference on April 14, 2011 at 9:00 a.m., this action may be dismissed for his failure to prosecute the action, abandonment of the action, and failure to keep the Court apprised of his current address.  If the action is dismissed, there will be no trial or other proceedings in this action, all of the claims asserted in the complaint will be dismissed, and plaintiff Wylie McLeod will be barred from asserting those claims in any other action in the future.

Docket No. 38 at 2 (emphasis in original).

There is no evident prejudice to defendants at this stage.  However, McLeod's failure to participate in the litigation of these actions makes it impossible for the Court to manage its calendar of cases .  Finally, where, as here, a plaintiff declines to participate in an action or even to attend a scheduling conference or respond to an order to show cause, no sanction less than dismissal appears available to address this level of neglect.

Accordingly, because McLeod has abandoned this action and because the factors to be considered in determining the appropriate sanction of McLeod's conduct weigh strongly in favor of dismissal, it is hereby

**RECOMMENDED** that these actions be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); and

**IT IS ORDERED** that the Clerk shall serve a copy of this report-recommendation upon McLeod at the above-listed address by both regular mail and by certified mail, return receipt requested, and file the return receipt in the docket of the Lead Case upon its return.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT ON OR BEFORE May 9, 2011** (this constitutes an extension of the normal fourteen day period) **WILL PRECLUDE APPELLATE REVIEW.**  Roldan v.

Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**PLAINTIFF WYLIE McLEOD SHALL TAKE NOTICE** that if he fails to respond to this report-recommendation within the time specified by filing objections, an order may be entered dismissing these actions with prejudice, in which case his claims will be dismissed without trial or further proceedings and he will be barred from ever bringing these claims in the future in this or any other court.

Dated: April 14, 2011
      Albany, New York

_David R. Homer_
United States Magistrate Judge