UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣

**Wylie McLeod,**

                                       **Plaintiff,**

                    **-v-**                             **1:09-CV-834 (Lead Case)**
                                                                  **1:09-CV-835 (Member Case)**

**Lowe's Home Improvement and Lou C,**        **(NAM/DRH)**

                                   **Defendants.**

᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣᭣

APPEARANCES:

Wylie McLeod
Plaintiff, *pro se*

Connell Foley LLP
Hector D. Ruiz, Esq., of counsel
Tricia B. O'Reilly, Esq., of counsel
85 Livingston Avenue
Roseland, New Jersey 07068-1765
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is United States Magistrate Judge David R. Homer's Report and Recommendation (Dkt. No. 40) recommending that these consolidated actions be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court also has before it a letter motion from plaintiff (Dkt. No. 41) requesting an extension of time to respond to the Report and Recommendation and to file an amended complaint. For the following reasons, plaintiff's motion is denied, the Report and Recommendation is accepted, and the case is dismissed with prejudice.

## BACKGROUND

The litany of plaintiff's non-appearances and requests for extensions is set forth in this Court's decisions of August 10, 2010 (Dkt. No. 29) and October 28, 2010 (Dkt. No. 34), as well as Magistrate Judge Homer's Report and Recommendation (Dkt. No. 40) now before the Court. Plaintiff filed his complaint on July 22, 2009 (Dkt. No. 1). After obtaining three extensions of time to file an amended complaint (Dkt. Nos. 4, 6, 8), he filed his amended complaint on March 9, 2010 (Dkt. No. 10). As is set forth below, aside from requesting extensions of time, plaintiff has taken no further steps in this action.

On June 1, 2010 (Dkt. No. 18), defendants moved to dismiss the amended complaint. Plaintiff has never submitted opposition to this motion; he has, however, requested extensions of time to respond to it on July 12, 2010 (Dkt. No. 25); July 30, 2010 (Dkt. No. 26)[1]; August 16, 2010 (Dkt. No. 32); and September 27, 2010 (Dkt. No. 33). On October 28, 2010 (Dkt. No. 34) the Court denied the September 27, 2010 extension request and granted defendants' dismissal motion in part, dismissing the first cause of action and all claims based on events occurring prior to July 10, 2008, and allowing the remaining claims to stand. On November 10, 2010, defendants filed an answer (Dkt. No. 35) to the amended complaint.

---

[1] In its Memorandum-Decision and Order (Dkt. No. 29) dated August 10, 2010, granting plaintiff's July 30, 2010 request for another extension of time to respond to defendants' dismissal motion, the Court advised plaintiff as follows:

> ORDERED that <u>no further extensions of time will be granted without good cause</u>; and it is further
> ORDERED that <u>if plaintiff does not timely submit papers in opposition to defendants' motion, the Court will deem the motion to be unopposed</u>.

(Emphasis in original.)

On November 30, 2010, Magistrate Judge Homer scheduled a Rule 16 pretrial telephone conference for December 20, 2010.  He also ordered the parties to submit a Civil Case Management Plan by December 16, 2010; plaintiff failed to do so (see Dkt. No. 36).  Magistrate Judge Homer's minute entry for December 20, 2010 includes the following: "Plaintiff pro se Wylie McLeod did not appear. The telephone number listed on the docket sheet is an incorrect number and additional numbers provided by defendants' counsel were out-of-service."  On December 21, 2010, Magistrate Judge Homer scheduled a mid-discovery telephone conference for March 15, 2011; again plaintiff did not participate.  The minute entry states: "Plaintiff pro se Wylie McLeod did not participate. The telephone number listed on the docket sheet for McLeod is not his number.  Defendant's counsel advised that she had no contact with McLeod since December 2010."

On the same day, March 15, 2011, Magistrate Judge Homer issued an Order to Show Cause (Dkt. No. 38) returnable April 14, 2011, directing plaintiff to show cause why the action should not be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).[2]  In the Order to Show Cause, Magistrate Judge Homer noted that defendants' counsel "advised that she had not had any contact with McLeod since December, he had failed to respond to discovery demands, and a certified letter to McLeod had been returned unclaimed."  The Order to Show Cause directed plaintiff to appear at the conference in person and warned him that if he failed to do so, the action

---

[2] Fed. R. Civ. P. 41(b) provides:
> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

"may be dismissed for his failure to prosecute the action, abandonment of the action, and failure to keep the Court apprised of his current address."

Plaintiff did not submit papers in response to the Order to Show Cause, nor did he appear in person on April 14, 2011. On the same day, Magistrate Judge Homer issued the Report and Recommendation that is now before the Court (Dkt. No. 40), recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) and advising that any objections must be filed on or before May 9, 2011. As Magistrate Judge Homer noted, this allowed plaintiff more time to respond than the required 14 days. The Report and Recommendation was sent to plaintiff by both regular and certified mail. On May 9, 2011, a letter motion (Dkt. No. 41) requesting an extension of time to file an amended complaint and to respond to the Report and Recommendation was filed at the Clerk's Office in Albany by Quentin La Grande on behalf of plaintiff. In that letter motion, plaintiff stated that he was not able to meet the May 9, 2011 deadline "due to mental health issues." The Court has now received a response from defendants (Dkt. No. 43) in opposition to the May 9, 2011 letter motion.

## DISCUSSION

The Court holds that, despite the special leniency accorded to *pro se* litigants, this case presents circumstances that are "sufficiently extreme" to warrant dismissal. *Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). In considering the relevant factors, the Court first finds that plaintiff's failure to prosecute has clearly caused significant delay. In nearly two years, the only progress plaintiff has made in this case is the filing of an amended complaint on March 9, 2010 in compliance with Magistrate Judge Homer's July 23, 2009 order (Dkt. No. 3) – after three extensions of time. In all other respects, he has

entirely failed to proceed. He failed to comply with the order directing submission of a Civil Case Management Plan, failed to participate in two scheduled telephone conferences, and failed to appear on the return date of the Order to Show Cause. Despite three more extensions, he never submitted opposition to defendants' June 2, 2010 motion to dismiss the amended complaint. Nor has he submitted opposition to the Report and Recommendation. He has not kept the Court or opposing counsel apprized of his address or telephone number. The only excuses he has ever offered are that he was seeking assistance from the Pro Se Assistance Program and/or has mental health issues. He has never provided any details or documentation regarding either issue. Despite repeated warnings, he makes no showing that he has taken any steps to address these issues or that he has otherwise made good faith efforts to proceed with this action.

Plaintiff was on notice that further delay would result in dismissal. In his March 15, 2011 Order to Show Cause, Magistrate Judge Homer ordered:

> PLAINTIFF WYLIE McLEOD SHALL TAKE NOTICE that if he fails to appear in person for the conference on April 14, 2011 at 9:00 a.m., this action may be dismissed for his failure to prosecute the action, abandonment of the action, and failure to keep the Court apprised of his current address. If the action is dismissed, there will be no trial or other proceedings in this action, all of the claims asserted in the complaint will be dismissed, and plaintiff Wylie McLeod will be barred from asserting those claims in any other action in the future.

Plaintiff nevertheless failed to appear, contact Magistrate Judge Homer, or take any other action. Moreover, the final paragraph of the Report and Recommendation – which recommended dismissal of the case – warned plaintiff as follows:

> PLAINTIFF WYLIE McLEOD SHALL TAKE NOTICE that if he fails to respond to this report-recommendation within the time specified by filing objections, an order may be entered dismissing these actions with prejudice, in which case his claims will be dismissed without trial or further proceedings and he will be barred from ever bringing these claims in the future in this or

any other court.

Nevertheless, plaintiff failed to submit timely opposition to the Report and Recommendation. In this respect, the case is clearly distinguishable from *Coats v. Department of Veteran Affairs*, 268 Fed.Appx. 125, 127 (2d Cir. 2008), in which plaintiff had no notice that his complaint was subject to dismissal.

In view of the unreasonable delays, the Court finds prejudice to defendants. *See id.* Their efforts to obtain prompt resolution of the claims against them have been unavailing. They have expended attorney's fees and costs, have been subjected to repeated delays, have appeared telephonically for two conferences and an order to show cause hearing at which plaintiff failed to appear, and have waited over a year for resolution of their dismissal motion. According to counsel for defendant Lowe's Home Centers, Inc., plaintiff also failed to respond to their discovery requests. Counsel further points out that Lowe's "ability to fully and fairly defend itself has, as a result of the reality of fading memories and a changing work force, prejudiced Lowe's."

This Court and Magistrate Judge Homer have made every effort to accommodate this *pro se* plaintiff's interest in having his case heard. The docket contains more than 20 orders, text notices, and minute entries. Magistrate Judge Homer has held two conferences and an order to show cause hearing. This Court has issued two decisions. Plaintiff has received numerous extensions of time. In his latest request for an extension of time, plaintiff again gives no reason other than "mental health issues," with no further details, documentation, or explanation of his efforts to address the issue. A substantial amount of judicial resources has been expended to give plaintiff every opportunity to proceed. Plaintiff has not, however, reciprocated by cooperating in

establishing a discovery schedule or a case management plan, by appearing at court-ordered conferences, or by otherwise proceeding with his case. Balancing the Court's need to manage its docket against plaintiff's right to be heard, the Court finds that the circumstances favor dismissal.

Finally, plaintiff's pattern of doing nothing except requesting extensions of time, and his failure to move forward despite warnings that his case was subject to dismissal demonstrate that lesser sanctions would be ineffective. *See Brow v. City of New York*, 391 Fed.Appx. 935, 937 (2d Cir. 2010). Accordingly, the Court accepts the Report and Recommendation and dismisses the case with prejudice.

## CONCLUSION

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 41) is denied; and it is further

ORDERED that the Report and Recommendation (Dkt. No. 40) is accepted; and it is further

ORDERED that the case is dismissed with prejudice; and it is further

ORDERED that the Clerk of Court shall serve a copy of this order on plaintiff by regular and certified mail.

IT IS SO ORDERED.

Date:   June 6, 2011
          Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge